CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
August 20, 2024
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN WILLIAMS AND ELIZABETH WILLIAMS, | ) ) ) |
| Plaintiffs, | ) Case No. 7:23-cv-525 ) ) By:   Michael F. Urbanski |
| v. | ) Senior United States District Judge ) |
| FOREST RIVER, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter comes before the court on defendant Forest River, Inc.'s ("Forest River") Motion to Dismiss or Transfer pursuant to 28 U.S.C. § 1404(a). ECF No. 40. Plaintiffs John and Elizabeth Williams, residents of Franklin County, Virginia, brought this action against Forest River, an Indiana corporation, for its alleged failure to repair their 2022 Cherokee Wolf Camper as required by the limited warranty provided by Forest River to the Williamses when they bought the camper. See Am. Compl., ECF No. 34. The Williamses bring claims for breach of warranty under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301–2312 (Count One); revocation of acceptance under Virginia law (Count Two); recission under Virginia law (Count Three); violation of the Indiana's Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.3-3–24-5-0.5-12 (Count Four); and violation of Indiana's Uniform Commercial Code, Ind. Code §§ 26-1-1-0.2–26-1-12.5-306 (Count Five). Am. Compl., ECF No. 34, at ¶¶ 11–28.

Forest River filed a similar motion to dismiss or transfer, ECF No. 5, in response to the Williamses' Initial Complaint, ECF No. 1. The court held a hearing on the motion on April

1

26, 2024, at which time the court granted the Williamses' request for leave to file an amended complaint, which they subsequently filed on June 4, 2024. ECF No. 34. Forest River then filed this renewed motion to dismiss or transfer, which the parties have fully briefed. ECF No. 40. The court disposes with oral argument on the renewed motion because the issues were fully addressed at the hearing and in the parties' briefing.

In part, Forest River argues that the court should transfer this case to the South Bend Division of the United States District Court for the Northern District of Indiana pursuant to a forum-selection clause contained in the limited warranty. For the reasons discussed below, Forest River's motion to transfer is **GRANTED** and this case is hereby **TRANSFERRED** to the South Bend Division of the United States District Court for the Northern District of Indiana. The court declines to address the motion to dismiss because the forum selection clause mandates that litigation on these matters occur in the courts located in Indiana. See ECF No. 41-1, at 5.

### I. Background

On February 14, 2022, they purchased a 2022 Cherokee Wolf Camber from RV Outlet USA in Ringgold, Virginia, for a total price of $69,705.53. Am. Compl., ECF No. 1, ¶ 4. At the time of purchase, RV Outlet USA was "a registered sales and warranty service and repair agent of Forest River, Inc." Id. ¶ 5. The Williamses allege that Forest River "issued a one-year limited warranty when purchased from 'an independently owned and authorized Forest River dealer,'" which "covered 'the RV against Substantial Defects in material and workmanship attributable to Forest River's manufacture and assembly of the RV.'" Id. ¶ 6 (emphasis in original).

2

The Williamses returned the camper to the dealership three times for defects in workmanship. In September 2022, the Williamses took the camper to the dealership for a crack "on the front slide," faulty generator, water leakage, bent garage door, dysfunctional fuel pump and gauge, and loose refrigerator door bracket. Id. ¶ 7. The dealership, in conjunction with Forest River, took 40 days to complete the repairs. Id. In November 2022, the Williamses again returned the camper to the dealership to address problems with the fuel pump and gauge, hot water system, generator exhaust pipe, and garage door. Id. ¶ 8. This time, repairs took 42 days. Id. In April 2023, the Williamses took the camper into the dealership for a third time to address "a crack in the corner of front wardrobe slide." Id. ¶ 9. In total, the Williamses allege that since they purchased the camper, it has "spent over one hundred days in the shop without successful repairs." Id. They claim that continued water leaks and mold concerns "have significantly impaired the use, market value, and safety of the [Williamses'] camper." Id. The Williamses allege that they gave written notice to Forest River "of their revocation of acceptance and claim for recission." Id. ¶ 10.

They seek damages for inconvenience and loss of use; the purchase price of the camper; as well as costs, interest, and attorney's fees.[1] Id. at 7. The court has jurisdiction over this

---

[1] The total amount of damages the Williamses seek is unclear. The Amended Complaint contains a wide ranging request for damages:

> John and Elizabeth Williams move the [c]ourt for judgement against Defendant Forest River, Inc., in the amount of $69,705.53, $20,000.00 for inconvenience and loss of use, interest payments, reasonable attorney fees in the amount of $750 per hour, or one-third of the amount recovered, whichever of the two is greater, trebled according to law, expert witness fees, pre- purchase price of the camper $69,685.00, as well as all incidental costs, [j]udgment interest running from the date of the first repair attempt, post [j]udgment interest, court costs, and all other damages, equity and/or law may seem meet.

Am. Compl., ECF No. 34, ¶ 29.

action pursuant to 28 U.S.C. § 1332 as the Williamses are residents of Virginia, Forest River is an Indiana corporation with its principal place of business in Elkhart, Indiana, and the Williamses seek damages in excess of $75,000.[2]

## II. Legal Standard

A case may be transferred to another district under 28 U.S.C. § 1404(a). Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 59 (2013). Section 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Decisions whether to transfer a case pursuant to 28 U.S.C. § 1404 are committed to the discretion of the transferring judge." Brock v. Entre Comput. Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir. 1991). In deciding whether to transfer venue, the traditional § 1404(a) framework requires the court to consider "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper

---

[2] Even if diversity jurisdiction did not exist in this case, the court has federal question jurisdiction over the Williamses' MMWA claim and supplemental jurisdiction over their Virginia law claims. As to their MMWA claim, they seek damages in excess of $50,000, thereby satisfying the amount-in-controversy requirement of 15 U.S.C. § 1210(d)(3)(B). Additionally, the Williamses' claims under Virginia and Indiana law form part of the same case or controversy as the MMWA claim because they also arise from the camper sale, thereby vesting this court with supplemental jurisdiction. See 28 U.S.C. § 1367(a).

4

forum.'" Atl. Marine, 571 U.S. at 62 (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 31 (1988)). A "valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases" because their enforcement protects the parties' "legitimate expectations and furthers vital interests of the justice system." Id. (quoting Stewart, 487 U.S. at 33 (Kennedy, J., concurring)). In Atlantic Marine, the Supreme Court explained that the "presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." Id. First, "the plaintiff's choice of forum merits no weight," second, the court "should not consider arguments about the parties' private interests," and third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." Id. at 63–64. Put simply, in the presence of a forum-selection clause, courts should generally weigh in favor of transfer. Brock, 933 F.2d at 1257 (stating that forum-selection clauses must be given "'controlling weight in all but the most exceptional cases'") (quoting Stewart, 487 U.S. at 33); see also Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 649 (4th Cir. 2010) ("[A]s a general matter federal common law directs courts to favor enforcement of the agreement, so long as it is not unreasonable.").

### III. Analysis

The Williamses put forward two arguments in opposition to transfer. First, they argue that Forest River has waived its right to invoke the forum-selection clause by asking the court to dismiss this case if the court declines to transfer it. Second, they claim that they never

5

learned of the forum-selection clause during the purchase process. The court will address each contention in turn.

### A. Waiver

The Williamses argue that Forest River has forfeited its right to pursue transfer of this case because it has litigated this case in this court. See Mem. Opp., ECF No. 42, at 1–3. "A party may expressly waive a contractual right, or it may waive the right impliedly, through 'acts or conduct that naturally lead the other party to believe that the right has been <u>intentionally</u> given up.'" <u>Bartels v. Saber Healthcare Grp., LLC</u>, 880 F.3d 668, 678 (4th Cir. 2018) (emphasis in original). "The intent to waive must be clear, as conduct with ambiguous meaning will not support a waiver defense." <u>Id.</u> "A forum-selection clause . . . will not be deemed waived unless (1) the party invoking the clause has taken action inconsistent with it or has delayed its enforcement, and (2) the other party would be prejudiced by its enforcement." <u>Kettler Int'l v. Starbucks Corp.</u>, 55 F. Supp. 3d 839, 849–50 (E.D. Va. 2014) (citing <u>Whiting-Turner Contracting Co. v. Westchester Fire Ins. Co.</u>, No. JFM-13-348, 2013 WL 3177881, at *4 (D. Md. June 20, 2013)).

The Williamses argue that Forest River has acted inconsistently with the forum-selection clause and delayed its enforcement such that the Williamses would now be prejudiced by enforcement of the clause. They rely on <u>Kettler International,</u> in which the court found that Starbucks had waived its right to invoke a forum-selection clause that required litigation in the State of Washington by previously filing a related action in California state court. 55 F. Supp. 3d at 849–51. The court reasoned that the forum-selection clause had governed the related action, but Starbucks nevertheless chose to file in California. <u>Id.</u> at 851.

The court concluded that Starbucks' disregard for the forum-selection clause in the prior California case demonstrated that it had waived the right to assert the clause in the federal case. Id.

Unlike Starbucks in Kettler International, Forest River has not filed a related action—it has only defended this lawsuit, which the Williamses brought in this court. Moreover, Forest River has sought transfer to the South Bend Division since its first response to the Williamses' Initial Complaint. See Mot. to Dismiss or Transfer, ECF No. 5. It was the Williamses, not Forest River, who decided to pursue relief in Virginia courts instead of Indiana courts. The facts of Kettler International do not aid the Williamses in opposing transfer.

The Williamses argue that Forest River forfeited its right to invoke the forum-selection clause by asking the court to dismiss the Williamses' claims under Federal Rule of Civil Procedure 12(b)(6) if the court did not transfer the case. As Forest River recognizes, however, courts often resolve motions in the alternative, including motions to dismiss or transfer. See, e.g., Lewis v. Jayco, Inc., No. 3:18-cv-100, 2019 WL 3797357, at *3–4 (W.D. Va. Aug. 12, 2019); Hunt v. Meta/Facebook, No. TDC-23-3264, 2024 WL 1096758, at *2–4 (D. Md. Mar. 13, 2024); WCC Cable, Inc. v. G4S Tech. LLC, No. 5:17-cv-052, 2017 WL 6503142 (W.D. Va. Dec. 15, 2017). Forest River did not waive its right to invoke the forum-selection clause by submitting multiple, alternative arguments in response to the Williamses' pleadings. See also Fed. R. Civ. P. 12(b) ("No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.").

The Williamses fail to show how Forest River's actions have caused delay in this case. Forest River has timely responded when required, including to the court's request that the

7

parties provide supplemental briefing on this waiver issue.³ See Order, ECF No. 27; Def.'s Suppl. Mem., ECF No. 35. And when the Williamses requested leave to file an amended complaint, Forest River renewed its grounds for transfer and dismissal within the time provided to do so. See ECF No. 40. Forest River's actions during the pendency of this litigation have caused no delay.

The Williamses cannot show that Forest River either acted inconsistently with or delayed enforcement of the forum-selection clause. Kettler Int'l, 55 F. Supp. 3d at 849–50. Accordingly, the court finds that Forest River has not waived its right to invoke the clause.

### B. Validity

Forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). The Fourth Circuit has identified several factors to consider whether a forum-selection clause is unreasonable and, therefore, invalid:

> (1) [the clause's] formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) [the clause's] enforcement would contravene a strong public policy of the forum state.

Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 651 (4th Cir. 2010).

---

³ The Williamses filed no supplemental brief but addressed waiver in their response in opposition to Forest River's renewed motion to dismiss or transfer. See ECF No. 42, at 1–3.

As to the first factor, the Williamses allege that Forest River's agents "concealed from the [Williamses], and failed to inform them in any way, that . . . any claims related to the warranty had to be brought in the [c]ourts of Indiana." Am. Compl., ECF No. 34, ¶ 26(a). However, Elizabeth Williams signed a Customer Delivery and Warranty Form that stated that she "had the opportunity to review the FOREST RIVER, INC. Limited warranty during the purchase of this unit."[4] See ECF No. 41-2; see also Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166–67 (explaining that, where a complaint's allegations are contradicted by the contents of an external document that the court may consider on a motion to dismiss, the contents of the external document supersede the complaint's allegations). The Amended Complaint also alleges that Forest River "issued a one-year limited warranty when purchased," Id. ¶ 6, and the Williamses quote from the limited warranty throughout the Amended Complaint. See id. ¶¶ 6, 13, 14, 16, 28. Indeed, Count One and Five expressly rely on the limited warranty as providing the basis for relief. Id. ¶¶ 11–17, 28. The Williamses' own allegations and Elizabeth Williams' signature on the Customer Delivery and Warranty Form belie any suggestion that the limited warranty was concealed during the purchase process.[5]

The remaining Albemarle factors likewise support enforcement of the forum-selection clause. The Williamses will not be deprived of their day in court. While the Northern District of Indiana is not geographically convenient for the Williamses, the court there will ably

---

[4] Like the limited warranty itself, the court will consider this Customer Delivery and Warranty Registration Form, attached to Forest River's memorandum in support of its motion to dismiss or transfer, because it is integral to the Amended Complaint and no party has contested its authenticity. See Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016).

[5] The Williamses have not plausibly alleged that the forum-selection clause was concealed from them during the purchase of their camper. But if the clause had been concealed, then the court would have to determine whether the entire limited warranty had been concealed, which could raise issues as to the viability of the Williamses' claims, which are based, at least in part, on the limited warranty.

discharge its duty to review their allegations and apply federal, Indiana, and Virginia law, as appropriate. Concerns about the "fundamental unfairness of the chosen law," Albemarle, 628 F.3d at 651, are unfounded because the Northern District of Indiana will capably apply Virginia law to the extent allowed.[6] Finally, there is no strong public policy of Virginia that overrides the parties' agreed-upon forum. Accordingly, the forum-selection clause is valid, and the court will enforce it.

### IV. Conclusion

For the reasons discussed above, Forest River's motion to transfer is **GRANTED**, and this case is hereby **TRANSFERRED** to the South Bend Division of the Northern District of Indiana.[7]

The court will not decide Forest River's motion to dismiss because the forum-selection clause mandates that litigation occur in Indiana. However, the parties' arguments on these issues are preserved for review by the Northern District of Indiana.

An appropriate order will be entered.

Entered: August 19, 2024

---

[6] The limited warranty contains a choice-of-law provision that requires the application of Indiana law to any disputes "arising out of or relating to" the limited warranty. See ECF No. 41-1, at 5. It will be for the Northern District of Indiana to address this issue.

[7] The court understands the Williamses' desire to litigate this case in Virginia—they live here, they purchased the camper here, and they have had it serviced here. However, the Supreme Court has made clear that neither the plaintiffs' choice of forum nor the convenience of the parties can factor into the court's decision on a motion to transfer under 28 U.S.C. § 1404(a) where a mandatory forum-selection clause governs the dispute. See Atlantic Marine, 571 U.S. at 63–64.

10

                                                                   Mike Urbanski
                                                                   Senior U.S. District Judge
                                                                   2024.08.19 12:36:27 -04'00'

                                                                   Michael F. Urbanski
                                                                   Senior United States District Judge