UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN WILLIAMS and ELIZABETH
WILLIAMS,

              Plaintiffs,

    v.

FOREST RIVER, INC.,

              Defendant.

CAUSE NO. 3:24cv701 DRL

OPINION AND ORDER

John and Elizabeth Williams purchased a camper manufactured by Forest River, Inc. that they say has irreparable defects. After repeated attempts at repair, the Williamses sued Forest River alleging the company breached its express and implied warranties. This case was transferred from the Western District of Virginia with a motion to dismiss pending. Although the briefs at times alternate between Virginia and Indiana law, they suffice to aid the court in ruling. Forest River says the Williamses waited too long to bring their warranty claims and deficiently plead their other claims. The court agrees with Forest River only in part.

BACKGROUND

The court takes the well-pleaded allegations as true. On February 14, 2022, the Williamses bought a 2022 Cherokee Wolf Camper from a dealer, RV Outlet USA of Ringgold, Virginia [34 ¶ 4-5]. Forest River manufactured the camper and provided a written limited warranty [41-1]. The warranty contained a forum selection clause requiring that any legal disputes over the warranty be brought in Indiana. The warranty also explicitly limited the period in which a buyer could bring a warranty lawsuit to one year and ninety days after the purchase date.

The Williamses noticed various defects over the ensuing year and returned the camper to RV Outlet USA three times for repairs. They first brought it in on September 14, 2022, when it was submitted

for repairs and serviced for 40 days; next on November 17, 2022, for 42 days; and finally on April 12, 2023, for over 100 days [34 ¶¶ 7-9]. The Williamses say these repairs were unsuccessful and the camper remains defective [*id.* ¶ 9].

They sued in the Western District of Virginia on August 16, 2023, alleging Forest River breached its express and implied warranties under the Magnusson-Moss Warranty Act (MMWA), *see* 15 U.S.C. §§ 2301 *et seq.*, and requesting revocation and rescission. Forest River moved to dismiss or transfer the case, and the Western District of Virginia granted the Williamses leave to file an amended complaint. They amended on June 4, 2024, adding claims. Forest River again moved to dismiss or transfer. After briefing, the Western District of Virginia upheld the forum selection clause and transferred the case under 28 U.S.C. § 1404(a) to this court.

STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

Generally, if a party attaches evidence outside the pleadings in a motion to dismiss, "the court must either convert [the motion] into a motion for summary judgment under Rule 56 . . . or exclude the

documents attached to the motion to dismiss and continue under Rule 12." *188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (citation omitted). There is a narrow exception: a dismissal motion can rest on critical documents, central to the claim and referred to in the complaint. *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *188 LLC*, 300 F.3d at 735.

DISCUSSION

The Williamses advance five claims against Forest River in their amended complaint: express and implied warranty claims under both state and federal law (counts 5 and 1 respectively) [34 ¶¶ 11-17, 28]; purported claims for revocation and rescission (counts 2 and 3) [*id.* ¶¶ 18-25]; and a deceptive practices claim under the Indiana Deceptive Consumer Sales Act (IDCSA) (count 4) [*id.* ¶¶ 26-27].

A.  *Choice of Law.*

Because the amended complaint and briefs at times cite both Indiana and Virginia law, the court pauses to address choice of law. In a federal question case, such as this one that arises through the MMWA, "the choice-of-law rule for pendent state claims should be that of the forum." *Balt. Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 681 (7th Cir. 1986). The question is which "forum." A prior transfer presents a unique scenario. "Generally, when a case is transferred from a district court with proper venue to another district court, the transferee court will apply the choice-of-law rules of the state in which the transferor court sits." *Dobbs v. Depuy Orthopedics, Inc.*, 842 F.3d 1045, 1048 (7th Cir. 2016); *see also Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964); *Looper v. Cook Inc.*, 20 F.4th 387, 390 (7th Cir. 2021). No one says the Virginia district court was improper venue.

That said, though "generally" a change of venue under 28 U.S.C. § 1404(a) "should be, with respect to state law, but a change of courtrooms," *Van Dusen*, 376 U.S. at 639, this general rule doesn't extend to cases when a transfer motion "is premised on enforcement of a valid forum-selection clause," *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 65 (2013). Instead, the law "reject[s] the rule that the law of the court in which the plaintiff inappropriately filed suit should follow the case to the

forum contractually selected by the parties" because "a plaintiff who files suit in violation of a forum-selection clause . . . is entitled to no concomitant state-law advantages." *Id.* (quotations omitted). Thus, Indiana's choice-of-law rules apply. *See id.*; *Balt. Orioles*, 805 F.2d at 681.

Forest River's warranty says Indiana law governs "all claims or causes of action arising out of or relating to this limited warranty or implied warranty," whether they sound in "contract, tort, or statute," without giving effect to any conflict of law rule that would cause a different jurisdiction's law to apply. Indiana presumes the validity of this choice-of-law provision, *Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1162 (Ind. 2002); *Hess v. Biomet, Inc.*, 105 F.4th 912, 917 (7th Cir. 2024), and no exceptional circumstances exist to upset its application here, *Barrow v. ATCO Mfg. Co.*, 524 N.E.2d 1313, 1314-15 (Ind. Ct. App. 1988); *Sheldon v. Munford, Inc.*, 660 F. Supp. 130, 134 (N.D. Ind. 1987). Nor has anyone argued such exceptional circumstances.

Although the amended complaint states its right to revocation under Virginia Code § 8.2-608 and its right to recission with citations to Virginia law, such counts "relate to" the warranty in that the nonconformity that the Williamses contend justifies either revocation or rescission arises from Forest River's assurances about the product's quality and its failure to deliver a reliable and functional camper. *See, e.g., Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909-10 (7th Cir. 1999) (viewing such language as "broad and capable of an expansive reach"); *see also United States v. Liestman*, 97 F.4th 1054, 1061 (7th Cir. 2024) ("relating to" is the "broadest of connecting language"); *see also Lamar, Archer & Cofrin, LLP v. Appling*, 584 U.S. 709, 717 (2018). The Williamses also offer no argument that today's result would change were Virginia law to apply. They expressly advance their deceptive practices claim under Indiana law already. Accordingly, the court applies Indiana law.

B.   *Statute of Limitation and Equitable Tolling (Counts 1 and 5).*

Forest River says the MMWA and UCC claims are time-barred by its limited warranty. The warranty covers the camper "for one (1) year from the date of purchase" and bars any suit for breach of

warranty or revocation brought more than 90 days after the warranty period expires.[1] The Williamses bought their camper on February 14, 2022 [34 ¶ 4]. According to Forest River, the Williamses could sue as late as May 14, 2023, making their lawsuit filed on August 16, 2023 untimely. The Williamses respond that they are not required plead around the statute of limitations; and, in any event, Forest River's conduct equitably tolled the statute of limitations.

The statute of limitations is an affirmative defense, and a complaint doesn't need to plead against it. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Though a limitations defense isn't normally a valid basis to dismiss, it is "when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (courts may dismiss a claim under Rule 12(b)(6) if the claim is "indisputably time barred").

The MMWA lacks its own statute of limitations; instead, the limitations period from an analogous state cause of action applies. *N. Star Steel Co. v. Thomas*, 515 U.S. 29, 33-35 (1995). Indiana's statute of limitations applies. The court also applies "any rules that are an integral part of the statute of limitations, such as tolling and equitable estoppel." *Indep. Tr. Corp.*, 665 F.3d at 935 (quoting *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010)). Under Indiana law, the statute of limitations for breach of any contract for sale is normally four years after the cause of action accrues. Ind. Code § 26-1-2-725(1). The parties may reduce the limitations period by contract to not less than one year. *Id.* If the warranty doesn't extend to future performance, a claim accrues when tender of delivery is made, regardless of whether the buyer knows of the breach. *Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 134 N.E.3d 370, 377 (Ind. 2019); Ind. Code § 26-1-2-725(2).

---

[1] The limitations language reads: "ANY ACTION FOR BREACH OF THIS LIMITED WARRANTY OR ANY IMPLIED WARRANTY OR REVOCATION OF ACCEPTANCE OR ANY ACTION TO ENFORCE ANY PORTION OF THIS LIMITED WARRANTY MUST BE COMMENCED WITHIN NINETY (90) DAYS OF THE EXPIRATION OF THE WARRANTY PERIOD" [41-1 at 5].

As with the statute of limitations, the MMWA relies on the state cause of action to determine when a breach occurs. *See Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 775, 781 (7th Cir. 2011). The timing of the breach, and thus the start of the limitations period, depends on Indiana law. *See Martin v. Thor Motor Coach Inc.*, 474 F. Supp.3d 978, 984 (N.D. Ind. 2020). Because Forest River's warranty expressly does not extend to future performance, a breach of warranty occurs when the product is tendered for delivery. *See* Ind. Code. § 26-1-2-725(2). As it turns out, this is often the same as the sale date, and the Williamses have not offered an alternative tender of delivery date. So, under the pleading here, they had until May 14, 2023 to sue. The Williamses filed suit in August 2023.

The suit is time-barred unless Forest River's conduct equitably tolled this limitations period. "Indiana law allows for tolling a period of limitations under the doctrine of equitable estoppel." *Kenworth*, 134 N.E.3d at 383. If a party's actions prevent another from obtaining the knowledge needed to pursue a claim, equity tolls the statute of limitations until the grounds for delay have ceased. *Id.* Equitable estoppel is "typically linked to claims of fraudulent concealment, but the doctrine also applies to other conduct that lulls a party into inaction,'" *Kenworth*, 134 N.E.3d at 383 (quoting *Paramo v. Edwards*, 563 N.E.2d 595, 599 (Ind. 1990)) (brackets omitted), and its applicability is often a question of fact, *see Davis v. Shelter Ins. Cos.*, 957 N.E.2d 995, 997-99 (Ind. Ct. App. 2011). To warrant equitable estoppel, a party's conduct must be of a sufficient affirmative character to "prevent inquiry or to elude investigation or to mislead and hinder." *Kenworth*, 134 N.E.3d at 383 (emphases removed).

The Williamses argue for tolling based on the efforts at repairing the camper and other representations from Forest River. Indiana allows parties to bargain for tolling limitations, *id.* at 382-83, and the parties did so in the written warranty: "[r]epairs will not extend the warranty coverage or period in which you may enforce an action, unless prohibited by law." Repairs alone will not trigger equitable estoppel. *See Kenworth*, 134 N.E.3d at 385 (equitable estoppel applied when defendants extended warranty period, continued repairs past the original contract obligations, and promised to continue repairs); *Ludwig*

*v. Ford Motor Co.*, 510 N.E.2d 691, 697 (Ind. Ct. App. 1987) (declining "invitation to adopt the view that repair efforts toll the statute of limitations").

The Williamses plead more than just repairs. They say Forest River "repeatedly told the [Williamses] they would pick up the camper to take it to Indiana to repair warranty defects, but repeatedly failed to keep their word and did not pick up the camper," causing the Williamses to "go over the limitation period" [34 ¶ 26(c)]. They also say Forest River "repeatedly told the [Williamses] that they would be informed when their camper was ready to be picked up, but [Forest River] failed to do this and allowed the camper to sit without informing the [Williamses], thereby delaying the discovery of unfulfilled warranty obligations[, which] caused the [Williamses] to miss filing their lawsuit within the applicable warranty period" [*id.* ¶ 26(d)]. What's more, the Williamses allege Forest River "told the [Williamses] the warranty period would be extended due to [Forest River's] multiple delays" [*id.* ¶ 26(e)]. The Williamses claim these were "willful deceptive acts" by Forest River [*id.* ¶ 27]. In effect, the Williamses plead that Forest River made "affirmative representations that could reasonably be inferred as statements that would mislead or hinder [them] from filing a breach of warranty claim." *Jacobs v. Thor Motor Coach, Inc.*, 474 F. Supp.3d 987, 996 (N.D. Ind. 2020).

The court must accept these allegations as true today. These allegations that Forest River made repairs and express promises about suspending the limitations period are sufficient for the warranty claims (under both the UCC and MMWA) to survive a motion to dismiss. *See id.* at 997; *see also Kenworth*, 134 N.E.3d at 385. This decision isn't prevented by the limited warranty, which excludes tolling only based on repairs alone, not repairs and promises. *See Jacobs*, 474 F. Supp.3d at 997 (citing *Kenworth*, 134 N.E.3d at 385; *Paramo v. Edwards*, 563 N.E.2d 595, 598 (Ind. 1990)). The court denies the motion to dismiss on this front.

C. *Failure to Give Notice and Exhaust the Exclusive Remedy (Counts 1 and 5).*

Forest River presses the dismissal of the warranty claims because the Williamses failed to comply with the requirements of the limited warranty's exclusive remedy provision. More specifically, Forest River says the Williamses failed to "provide written NOTICE by contacting Forest River IN WRITING . . . and provide Forest River (and not the authorized dealer) an opportunity to repair the [camper]" [41-1 at 2]. The Williamses seem not to offer argument on this issue, so the court remains confined to the pleading alone.

The Williamses allege they gave Forest River an opportunity to repair their camper. They say their camper was "submitted" to Forest River when they returned it for repairs on September 14, 2022 [34 ¶ 7]. They also say Forest River told them the company would pick up the camper and bring it to Indiana to repair the defects [34 ¶ 26(c)]. Taking all reasonable inferences in favor of the Williamses as the court must at this procedural stage, it would be strange to suggest the camper was submitted to Forest River for repairs and the company responded in kind, but somehow the company lacked notice or the opportunity to repair the unit.

At this stage of the pleadings, the court will not peer beyond the pleadings to assess whether this reasonable inference of notice means written notice. The limited warranty requires the Williamses to have satisfied the condition precedent before vindicating their warranty rights, and the amended complaint contains no statement that all conditions precedent have been satisfied. *See* Fed. R. Civ. P. 9(c); *see also McClure Oil Corp. v. Murray Equip., Inc.*, 515 N.E.2d 546, 554 (Ind. Ct. App. 1987) ("Timely notice of a breach of warranty is a substantive condition precedent to recovery."). But Rule 8 requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and a complaint need only state a claim, not "plead the facts that if true would establish (subject to any defenses) that the claim was valid." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *see also Xechem*, 372 F.3d at 901 ("plaintiffs need not anticipate and attempt to plead around all potential defenses").

The Williamses have plausibly alleged notice and the opportunity given to Forest River to provide the exclusive remedy. The court cannot say based on the pleading and warranty alone and as a matter of law that the Williamses have pleaded themselves out of court, so their UCC and MMWA claims survive. The court denies the motion to dismiss counts 1 and 5.

D. *The IDCSA Claim (Count 4).*

The Williamses also allege a claim under the IDCSA [34 ¶ 26-27]. They say Forest River committed a deceptive act by concealing the warranty's choice-of-law clause, knowingly and falsely disclaiming the implied warranty of merchantability contra 15 U.S.C. § 2308, and making misrepresentations about camper repairs and extensions to the warranty period, all in violation of Indiana Code §§ 24-5-0.5-3(a) and (b)(8). They say these violations were part of an "incurable deceptive act," meaning they were done with intent to defraud or mislead. *See* Ind. Code § 24-5-0.5-2(a)(8).

Forest River says these allegations fail to meet the heightened pleading requirements for fraud or mistake under Rule 9(b). The company says the amended complaint lacks particularity, omitting details about who made the misrepresentations, when and where they were made, their contents, and how they were communicated. Forest River also contests that it made misrepresentations, arguing the warranty is clear about its terms. In response, the Williamses state in more conclusory fashion that their pleading is sufficiently specific and point to a declaration they appended to earlier briefing and various case law as additional support.

Rule 9(b) requires a party to allege the circumstances of fraud or mistake "with particularity," though mental state "may be alleged generally." Fed. R. Civ. P. 9(b). Under the rule, a pleading must identify "the who, what, when, where, and how" of fraud. *United States v. Molina Healthcare of Ill., Inc.*, 17 F.4th 732, 739 (7th Cir. 2021); *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019). The pleadings must likewise articulate agency with particularity "when the plaintiff relies upon the same circumstances to establish both the alleged fraud and the agency relationship of a defendant."

*Lachmund v. ADM Inv. Servs, Inc.*, 191 F.3d 777, 783 (7th Cir. 1999). This heightened standard serves to protect a defendant's reputation from harm, minimize strike suits and fishing expeditions, and provide notice of the claim to the adverse party. *See Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (citations omitted). But the particularity requirement relaxes when a plaintiff "lacks access to all facts necessary to detail his claim." *Corley v. Rosewood Care Ctr.*, 142 F.3d 1041, 1051 (7th Cir. 1998).

Rule 9(b) applies to "averments of fraud," meaning a claim that "sounds in fraud" or one "premised upon a course of fraudulent conduct" can trigger its heightened pleading requirements. *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). The law applies Rule 9(b) to IDCSA claims based on fraud. *See McKinney v. State*, 693 N.E.2d 65, 71 (Ind. 1998); *Moore v. Soc. Coaching-Credit Repair, LLC*, 2024 U.S. Dist. LEXIS 80728, 5 (N.D. Ind. May 1, 2024). It applies here because the Williamses say Forest River's misrepresentations were part of a scheme to defraud or mislead.

The Williamses fall short of Rule 9(b)'s pleading standard. They do not explain who made the alleged misrepresentations. To the extent the Williamses allege an agency relationship between Forest River and RV Outlet USA, they provide no details or argument, nor do they contradict the limited warranty's assertion that the "independent authorized dealer" that sold the camper is not Forest River's agent. The amended complaint merely refers to the companies—it never mentions particular sales agents, repair personnel, or other staff when alleging that misrepresentations were made, or when or how these statements were made. The Williamses certainly have knowledge of this information.

The Williamses say they provided this information in a declaration filed as an exhibit to their response to Forest River's motion to dismiss their original complaint. It was not offered with this motion. It is not part of the pleading either. *See Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018); Fed. R. Civ. P. 10(c). The court at times can consider material outside the pleading, *see Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013), but the proper course today is to take that information into

account only in deciding whether an opportunity to amend would be futile. It would not be here. But as stated, this claim must be dismissed as lacking particularity under Rule 9(b).

    E.   *Revocation and Rescission (Counts 2 and 3).*

The Williamses cast as "claims" their rights to revocation and rescission [34 ¶ 18-25]. Whether an action for revocation is time-barred under the limited warranty, these are remedies, not claims. *See, e.g.*, *Smith v. Nexus RVs, LLC*, 468 F. Supp.3d 1012, 1027 (N.D. Ind. 2020). Regardless, either remedy would be inappropriate against a remote manufacturer. A buyer cannot revoke a contract against a remote manufacturer without privity. *See Castagna v. Newmar Corp.*, 340 F. Supp.3d 728, 742 (N.D. Ind. 2018); *see also Skodras v. Gulf Stream Coach, Inc.*, 2010 U.S. Dist. LEXIS 2010, 12-13 (N.D. Ind. Jan. 8, 2010) (citing cases); *Hyundai Motor Am. Inc. v. Goodin*, 822 N.E.2d 947, 952 (Ind. 2005) ("vertical privity exists only between immediate links in a distribution chain"); *Perry v. Gulf Stream Coach, Inc.*, 841 N.E.2d 634, 644 n.6 (Ind. Ct. App. 2004) (finding no privity between purchaser and remote manufacturer of motor home despite direct limited warranty between them); *Pizel v. Monaco Coach Corp.*, 364 F. Supp.2d 790, 795 (N.D. Ind. 2005) (explaining that *Hyundai* "did not address the issue of privity and revocation"). Likewise, rescission is only possible if the *status quo ante* can be restored—*i.e.*, if the parties can be returned to the positions they were in before the purchase. *Jones v. InfoCure Corp.*, 310 F.3d 529, 535 (7th Cir. 2002). This isn't possible when, in theory, Forest River would be "returning" money to the Williamses that it never received from them. The upshot is that these claims must be dismissed.

CONCLUSION

Accordingly, the court GRANTS IN PART and DENIES IN PART Forest River's motion to dismiss [40], dismissing counts 2 and 3 under Rule 12(b)(6), dismissing count 4 under Rule 9(b), with leave to amend only as to count 4 if this claim might be stated with particularity, and denying the motion as to counts 1 and 5.

SO ORDERED.

November 27, 2024                              *s/ Damon R. Leichty*
                                              Judge, United States District Court